CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

| | | |
|---|---|---|
| WILLIAM ROLANDO VIDEZ, | : | Case No. 20-CV-1187 |
| | : | |
| Plaintiff, | : | **FLSA COMPLAINT** |
| | : | |
| -against- | : | |
| | : | |
| UNITED TALMUDICAL ACADEMY OF KIRYAS | : | |
| JOEL, INC., and FRANK BATRES, | : | **Jury Trial** |
| | : | **Demanded** |
| Defendants. | : | |

------------------------------------------------------------------------X

Plaintiff, WILLIAM ROLANDO VIDEZ (hereinafter, "Plaintiff"), by and

through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against

defendants UNITED TALMUDICAL ACADEMY OF KIRYAS JOEL, INC. ("UTA"),

and FRANK BATRES (collectively, the "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as

amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants:

(a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-

judgment interest, and (d) attorneys' fees and costs.

2.     Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) prejudgment and post-judgment interest, and (d) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.     Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.     Plaintiff is a resident of Sullivan County, New York.

6.     Defendant, UTA, is a domestic not-for-profit corporation organized under the laws of the State of New York, with a principal place of business at 55 Forest Road, No. 201, Monroe, New York 10950.

7.     Defendant, UTA, is a New York educational institution that owns and operates several schools and study centers in and in close proximity to the town of Kiryas Joel, in Monroe Township.

8.     Defendants, UTA, is part of a larger international religious community.

9.     Many of the leaders of this larger international religious community live, study, and teach in and around Defendant UTA and Kiryas Joel, and because of this fact, community members from all over the world routinely visit UTA, Kiryas Joel, and the surrounding area.

2

10.     In addition to its educational schools and study centers, Defendant UTA also owns and operates a retreat/campsite and/or hospitality center and hotel, also known as the Bais Rochel Camp, located at 224 Pleasant Valley Road, South Fallsburg, New York 12779 (hereinafter, the "Camp" or "Hotel").

11.     Defendant, FRANK BATRES, is and manager and administrator of Defendant UTA, and is the manager/supervisor of the Camp, and participates in the day-to-day operations of the Camp, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with UTA.

12.     Defendant, FRANK BATRES, exercised control over the terms and conditions of Plaintiff's employment in that he had the power and authority to: (i) hire and fire employees, (ii) determine rates and method of pay, (iii) determine work schedules and hours worked, (iv) supervise and control the work of employees, and (v) create and maintain employment records.

13.     At least within each of the three (3) most recent years relevant to the allegations herein, Defendant UTA was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had had an annual gross volume of sales of not less than $500,000.

3

14.     Defendants employed Plaintiff to work as a non-exempt handyman and housekeeper at the Camp.

15.     The work performed by Plaintiff was directly essential to the business operated by Defendants.

16.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

17.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

18.     Defendant, FRANK BATRES, is present at the Camp every day and actively participates in the day-to-day operation of the Camp.  For instance, Mr. Batres personally hires and fires Camp employees, assigns work to the Camp employees, supervises and directs the work of the Camp employees, and instructs the Camp employees on how to perform their jobs.

19.     In addition, Defendant, FRANK BATRES, creates and implements all crucial business policies at the Camp, including decisions as to the number of hours the Camp employees are required to work, the rate of pay that the Camp employees are entitled to receive, and the manner in which the Camp employees are paid.

20.     In or about June 2011, Defendant, FRANK BATRES, hired Plaintiff to work as a non-exempt handyman and housekeeper at the Camp, where his job duties included, but were not necessarily limited to, cleaning, construction, general maintenance and repair work, and making beds.

4

21.     Neither at the time of hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and his corresponding overtime rate of pay.

22.     Plaintiff worked continuously for Defendants in such capacities until on or about November 1, 2017.

23.     During Defendants' "busy season," which was normally between mid-March through the end of September of each year, Plaintiff worked seven (7) days per week, and his work shift consisted of twelve (12) hours per day from 8:00 a.m. until 8:00 p.m.  Plaintiff would normally receive a thirty (30) minute break per day.  Thus, during Defendants' "busy season," Plaintiff worked eighty and one-half (80½) hours per week.

24.     During Defendants' "slow season," which was normally between October through the mid-March of each year, Plaintiff worked five (5) days per week, and his work shift consisted of eight (8) hours per day from 8:00 a.m. until 4:00 p.m.  Plaintiff would normally receive a thirty (30) minute break per day.  Thus, during Defendants' "slow season," Plaintiff worked thirty-seven and one-half (37½) hours per week.

25.     Plaintiff was required to punch a time-clock or other time-recording device at the start and end of this daily work shift.

26.     From the beginning of the relevant six (6) year limitations period in February 2014 and continuing through approximately December 2014, Plaintiff was not paid proper overtime compensation during Defendants' "busy season."  During this period, Plaintiff was paid, in cash, at the rate of $9 per hour straight time for all hours worked.  Work performed in excess of forty (40) hours per week was not paid at the statutory rate of time and one-half in violation of federal and state law.

27.     Beginning in or about January 2015 and continuing through the remainder of his employment on or about November 2017, Plaintiff was not paid proper overtime compensation during Defendants' "busy seasons" of each such year.  During this period, Plaintiff was paid, in cash, at the rate of $10 per hour straight time for all hours worked. Work performed in excess of forty (40) hours per week was not paid at the statutory rate of time and one-half in violation of federal and state law.

28.     At the time of paying Plaintiff his cash wages, Defendants failed to provide Plaintiff with a wage statement setting forth, among other things, his gross wages, deductions, and net wages.

29.     Defendants knowingly and willfully operated their business with a policy of not paying Plaintiff either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

30.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, Defendants failed to maintain accurate and sufficient wage and hour records.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

31.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "30" of this Complaint as if fully set forth herein.

32.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of

goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

33.     At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

34.     At least within the three (3) most recent years relevant to the allegations herein, UTA had gross revenues in excess of $500,000.

35.     Plaintiff was entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

36.     Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

37.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

38.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of overtime compensation would financially injure Plaintiff.

39.     As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, Defendants have failed to make, keep and

preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201 *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

40.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

41.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages.

42.     Due to the intentional, willful and unlawful acts of Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

43.     Plaintiff is entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

44.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "43" of this Complaint as if fully set forth herein.

45.     At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

46.     Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the statutory rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

47.     Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

48. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

49. Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

50. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

51. Neither at the time of their hiring, nor any time thereafter, did Defendants notify Plaintiff in writing of his hourly rate of pay, corresponding overtime rate of pay, and his regularly designated payday, in contravention of New York Labor Law § 195(1).

52. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

53. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, WILLIAM ROLANDO VIDEZ, respectfully requests that this Court grant the following relief:

(a)     An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(b)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(c)     An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to the New York Labor Law;

(d)     An award of statutory damages for Defendants' failure to provide wage notices and wage statements pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e)     An award of prejudgment and post-judgment interest;

(f)     An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(g)     Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
       February 11, 2020

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
10 Grand Central
155 East 44th Street – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
        Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, ___William Videz___, am an employee currently or formerly employed by ___Joel Camp U.I.A. Camp___, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
___12 | 20___, 2019

aWilliam videz

**NOTICE OF INTENTION TO ENFORCE SHAREHOLDER
LIABILITY FOR SERVICES RENDERED**

TO: FRANK BATRES

PLEASE TAKE NOTICE that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that William Rolando Videz intends to charge you and hold you personally liable as one of the ten largest shareholders of United Talmudical Academy of Kiryas Joel, Inc., for all debts, wages, and/or salaries due and owing to his as a laborer, servant and/or employee of the said corporation for services performed by him for the said corporation within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as his attorneys, to make this demand on his behalf.

Dated: New York, New York
February 11, 2020

> CILENTI & COOPER, PLLC
> *Attorneys for Plaintiff*
> 10 Grand Central
> 155 East 44th Street – 6th Floor
> New York, New York 10017
> T. (212) 209-3933
> F. (212) 209-7102
>
> By: _____
> Justin Cilenti